**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-130C
(Filed: May 20, 2015)

**FILED**

MAY 20 2015

**U.S. COURT OF
FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| VASSAR DUBARD JONES, *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; Rule 12(b)(1); Subject-Matter |
| v. | ) | Jurisdiction; Rule 12(b)(6); Failure to |
| | ) | State a Claim; Rule 41(b); Failure to |
| THE UNITED STATES, | ) | Prosecute; *In Forma Pauperis*. |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Vassar Dubard Jones*, Chattanooga, TN, plaintiff *pro se*.

*Douglas T. Hoffman*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

*Pro se* plaintiff, Vassar Dubard Jones, brought this action seeking money damages related to an amusement park rotor.  The government moved, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss plaintiff's complaint for lack of subject-matter jurisdiction or, in the alternative, pursuant to RCFC 12(b)(6), for failure to state a claim upon which relief can be granted.   In addition, plaintiff has filed a motion to proceed in this matter *in forma pauperis*, alleging that he lacks the financial resources to pay the Court's filing fee.  For the reasons set forth below, the Court:  (1) **GRANTS** the government's motion to dismiss; and (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II.     FACTUAL PROCEDURE AND BACKGROUND[1]

On February 9, 2015, plaintiff filed a handwritten complaint in this Court.  The complaint describes what plaintiff calls "the rotor," which is described as a hollow cylindrical room found in many amusement park rides.  Compl. at 1.  The amusement park ride works, according to the complaint, by having a passenger enter the rotor, close the door, and stand up against the wall. *Id.*  The rotor then "gradually increases its rotational speed from rest until, at a predetermined speed, the floor below the person is opened downwards, revealing a deep pit.  The passenger does not fall but remained 'pinned up' against the wall of the rotor." *Id.*  The complaint goes on to illustrate the calculations used to operate the ride. *Id.* at 1-3.  The complaint appears to seek $50,000 from the Export Import Bank of the United States, as well as additional amounts from various other non-federal government entities, but does not identify the reason such amounts are owed.[2]  Compl. at 3.

On March 25, 2015, defendant filed a motion to dismiss this action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), or, alternatively, for failure to state a claim pursuant to Rule 12(b)(6). *See generally* Def. Mot.  In its motion, the government argues that plaintiff has failed to plead a cause of action within this Court's jurisdiction.  Def. Mot. at 1.  The government further argues that plaintiff does not articulate a grievance; has not alleged any facts implicating a money-mandating statute, regulation, or contract that entitles plaintiff to relief; and has failed to articulate any facts sufficient to make plaintiff's right to relief in this Court more than speculative. *Id.*  On March 31, 2015, the Clerk's Office of the United States Court of Federal Claims noted that the notice of assignment and docket sheet, which were sent on February 9, 2015 to the address of record provided by the plaintiff, were returned to the Court as undeliverable.

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from plaintiff's complaint cited in this Memorandum Opinion and Order as ("Compl. at ___"), and the defendant's dispositive motion cited as ("Def. Mot. at __").  Except where otherwise noted, the facts recited here are undisputed.  The Court accepts the undisputed facts recited in the complaint as true.

[2] This Court is without jurisdiction to consider claims brought against parties other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Pursuant to Rule 7.2(b)(1) plaintiff's response to defendant's motion to dismiss was due on or before April 27, 2015, but the Court never received a response. On May 4, 2015, the Court issued an Order to Show Cause on or before May 18, 2015, as to why this action should not be dismissed for failure to prosecute pursuant to RCFC 41(b). In the Order, the Court stated that should plaintiff fail to respond to the Court's Order, the Court would dismiss plaintiff's complaint for failure to prosecute.

On May 19, 2015, the Clerk's Office received various documents from plaintiff, including a newspaper clipping on the human genome and various handwritten notes none of which relate to this case.[3]

## III.   STANDARDS OF REVIEW

### A.   *Pro Se* Litigants

When a party is acting *pro se*, courts generally accord the party greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the Court should thoroughly examine the plaintiff's complaint in an attempt to discern whether the "plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). However, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). Furthermore, the "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Therefore, while the Court may excuse ambiguities in the plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

---

[3] The Court directed the Clerk's office on May 19, 2015 to return the miscellaneous documents to plaintiff unfiled.

**B.     Lack of Subject-Matter Jurisdiction, RCFC 12(b)(1)**

It is well established that subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits" of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). When considering whether to dismiss an action for lack of subject-matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797. However, plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir.1988). If subject-matter jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(h)(3).

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008).

**C.     Failure to State a Claim, RCFC 12(b)(6)**

A claim is subject to dismissal for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6). When considering a motion to dismiss for failure to state a claim, the allegations in the complaint must be accepted as true and should be construed in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). To survive a motion to dismiss under RCFC 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A complaint should be dismissed "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

## IV.   DISCUSSION

### A.   Failure to Prosecute

Under RCFC 41(b), a case may be dismissed for failure to prosecute "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." RCFC 41(b).  The "authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Claude E. Atkins Enterprises, Inc. v. United States*, 899 F.2d 1180, 1185 (Fed. Cir. 1990) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  And so, this Court has noted that while dismissal of a claim is a "harsh action, especially to a *pro se* litigant," such action is necessary when a party fails to diligently pursue litigation. *Cearley v. United States*, No. 14-381T, slip. op. at  1 (Fed. Cl. Jan. 12, 2015).

Plaintiff commenced this action on February 9, 2015.  After the government moved to dismiss this action and plaintiff failed to timely respond to the government's motion, the Court issued an Order to Show Cause on May 4, 2015.  The Court has received no further communication from plaintiff relating to the matter cited in the complaint.  Plaintiff's only communication with the Court since filing his complaint consists of a mailing of notes and a newspaper clipping unrelated to this matter.   Plaintiff has not met the obligation to diligently pursue litigation and prosecute the case, and so this claim is subject to dismissal pursuant to Rule 41(b).  RCFC 41(b).  Nevertheless, because of plaintiff's *pro se* status, the Court will look beyond plaintiff's failure to prosecute and address the grounds for dismissal set forth in the government's motion to dismiss.

**B.**      **Plaintiff's Complaint Is Dismissed for Lack of Subject-Matter Jurisdiction**

Notwithstanding the shortcomings of plaintiff's pleadings, the Court recognizes that he is proceeding *pro se*, and so, plaintiff is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Furthermore, the Court has an independent obligation to determine whether subject-matter jurisdiction exists to consider a matter. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 428 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Thus, the Court will liberally construe plaintiff's complaint to determine whether the Court possesses subject-matter jurisdiction over plaintiff's claim. *See Upshaw v. United States*, 599 F. App'x 387, 388 (Fed. Cir. 2015).

Plaintiff's complaint describes an amusement park ride, but does not base the claim on any cognizable legal ground. The government, therefore, argues that the complaint should be dismissed because it does not properly invoke the Court's subject-matter jurisdiction. Def. Mot. at 4. The government asserts that it can "only guess which facts or causes of action Mr. Jones has attempted to plead. And, Mr. Jones has failed to plead a substantive source of law that creates a right to recover money damages from the Government. Counsel for the Government cannot identify any source of law upon which Mr. Jones attempts to rely." Def. Mot. at 5-6.

The Court agrees. Even when viewing the complaint in the most deferential light possible, as is owed to *pro se* litigants, and construing all factual allegations in the complaint to be true, plaintiff's cursory complaint, as the government notes, fails to articulate a claim that is within this Court's jurisdiction to decide. Therefore, the Court lacks jurisdiction and must dismiss plaintiff's complaint.

**C.**      **Plaintiff's Complaint Fails to State a Claim for Relief**

Lastly, the government argues that plaintiff's complaint should be dismissed under RCFC 12(b)(6) for failure to state a claim because plaintiff's complaint does not articulate a grievance and does not allege any facts implicating a money-mandating statute, regulation, or contract that entitles plaintiff to relief. Def. Mot. at 6.

Rule 8 requires that, at minimum, a complaint contain a statement of the ground for the Court's jurisdiction, a statement of the claim showing plaintiff is entitled to relief, and a demand of the relief sought.  RCFC 8.  Plaintiff's cursory complaint does not satisfy the requirements of RCFC 8.  The complaint simply describes the rotor and appears to seek $50,000 from the Export Import Bank of the United States.  *See generally* Complaint.  Therefore, the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.

### D.   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* Satisfies the Statutory Requirement

Plaintiff has also filed an application to proceed *in forma pauperis*, alleging that he lacks the financial resources to pay the Court's filing fee.  *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.  This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress.  *See* 28 U.S.C. § 1915(a)(1).  Due to the Court's summary disposition of this case, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss.

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** for the sole purpose of ruling on the government's motion to dismiss and the Court's filing fee is waived.

## V.   CONCLUSION

For the foregoing reasons, the Court:  (1) **GRANTS** the government's motion to dismiss; and (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint.  No costs.

**IT IS SO ORDERED.**

LYDIA-KAY GRIGGSBY
Judge